PER CURIAM.
After three years of study, the Florida Board of Bar Examiners, on January 14, 1975, filed its Petition to Amend the Rules Relating to Admission to the Bar.
Appended to this Order is the complete revision of the Rules as recommended by the Board.
The Court hereby adopts the foregoing Rules to become effective at Midnight, November 10, 1975.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD, McCAIN, OVERTON and ENGLAND, JJ., concur.
RULES OF THE SUPREME COURT OF FLORIDA RELATING TO ADMISSIONS TO THE BAR EFFECTIVE NOVEMBER 11, 1975
ARTICLE I
FLORIDA BOARD OF BAR EXAMINERS
Section 1. The admission of attorneys to the practice of the profession of law is a judicial function. All individuals who seek the privilege of practicing law in the State of Florida shall submit to Part I of the Florida Bar Examination and shall provide such score from submission to Part II as specified in Article II, Section 10(c) of these Rules. The Court promulgates the rules hereinafter set forth and adopts and approves the Code of Recommended Standards of Bar Examiners, adopted by the American Bar Association on May 21, 1958, promulgated and approved by the National Conference of Bar Examiners and the Association of American Law Schools, except where such standards are inconsistent with the rules of this Court or the rules of the Board hereinafter established.
Section 2. There is hereby created a Florida Board of Bar Examiners consisting of twelve members of The Florida Bar. The members now constituting said Board shall continue to hold office for the terms now appointed. Their successors shall continue to be selected and appointed in the manner now prescribed in Article I of the Rules of the Supreme Court of Florida Relating to Admissions to the Bar, effective November 1, 1955. As terms expire all appointments shall be for five years, but any vacancy occurring during any term shall be filled by appointment for the unexpired term thereof. Such members shall be members of The Florida Bar and shall possess the qualifications prescribed by the Code of Standards of Bar Examiners.
Section 3. The Board of Governors of The Florida Bar shall submit to the Court not less than thirty days prior to the expiration of any term, and in case of a vacancy, within thirty days thereafter, its recommendations with respect to appointees. Such group of recommended appointees shall be thrice the number to be appointed. The following provisions will be pertinent in connection with the nominations to membership on the Board:
a. Qualifications. A bar examiner should be a practicing attorney with scholarly attainments and an affirmative inter *354 est in legal education and requirements for admission to the bar.
b. Tenure. A bar examiner should be appointed for a fixed term, but should be eligible for reappointment if his work is of high quality. Members of bar examining authorities should be appointed for staggered terms to insure continuity of policy, but there should be sufficient rotation in the personnel of each authority to bring new views to the authority and to insure continuing interest in its work.
c. Compensation. The compensation, if any, which a bar examiner receives should not be directly dependent upon the number of persons taking the bar examination.
d. Devotion to Duty. A bar examiner should be willing and able to devote whatever time is necessary to perform the duties imposed upon him.
e. Essential Conduct. A bar examiner should be conscientious, studious, thorough and diligent in learning the methods, problems and progress of legal education, in preparing bar examinations, and in seeking to improve the examination, its administration and requirements for admission to the Bar. He should be just and impartial in recommending the admission of applicants. He should exhibit courage, judgment and moral stamina in refusing to recommend applicants who lack adequate general and professional preparation or who lack good moral character.
f. Adverse Influences, Conflicting Duties and Inconsistent Obligations. A bar examiner should not have adverse interests, conflicting duties nor inconsistent obligations which will in any way interfere or appear to interfere with the proper administration of his functions. Appointment or election to the bench at any level of the court system, federal, state, county or municipal, shall constitute a disability to serve as a bar examiner so long as such individual shall continue to serve in such capacity. A bar examiner should not participate directly or indirectly in courses for the preparation of applicants for bar admission nor act as a trustee of a law school or of a university of which a law school is a part or with which a law school is affiliated. A bar examiner should so conduct himself that there may be no suspicion that his judgment may be swayed by improper considerations.
Section 4. During the month of October of each year the Board shall designate a Vice-Chairman who shall hold office for a period of one year beginning on the ensuing November 1. In October of each succeeding year the previously elected Vice-Chairman shall automatically be elevated to the office of Chairman for a period of one year beginning November 1 following his term as Vice-Chairman. Such designation shall be determined by majority vote. In the event of an irreconcilable tie vote, such fact shall be certified to the Supreme Court and it shall designate the Vice-Chairman for the ensuing year.
Section 5. The members shall serve without compensation but shall be reimbursed for reasonable traveling and subsistence expenses incurred in the performance of their services for the Board. The Board may from time to time elicit the as-assistance of other members of The Florida Bar in proctoring the bar examination, and in so doing may reimburse those other members of The Florida Bar assisting for reasonable subsistence expense.
Section 6. The offices of the Board shall be maintained in Tallahassee, Florida.
Section 7. (a) Meetings of the Board may be held at such places and times as may be fixed from time to time by the Board.
(b) Hearings shall be conducted by the Board in the State of Florida on the second Fridays of March, June, September, and November of each year and may be conducted at such other times and at such places as may be fixed by the Board.
Section 8. The Board shall make such disbursements as are required to pay the *355 necessary expenses of the Board. Annually it shall prepare a budget and submit the same to the Supreme Court for its approval. It shall cause proper books of account to be kept and shall have an annual audit made by the State Auditing Department or a Certified Public Accountant. Such annual audit shall be filed with the Clerk of the Supreme Court of Florida.
ARTICLE II
GENERAL POWERS OF THE BOARD
Section 9. The Board shall employ an Executive Director and such other assistants and clerks as it may deem necessary. It shall provide for the compensation of such employees and shall pay all other expenses. All employees shall be bonded as may be directed by the Board.
Section 10. (a) The Board shall be responsible for the preparation, grading and conducting of written examinations, and members thereof shall be willing and available to discuss general problems of purposes, policies and procedures of the examination with applicants; and such written examinations shall be held in such places and at such times in the State as the Board may from time to time direct, and the Board shall recommend qualified applicants to the Court for admission to The Florida Bar.
(b)The Board may utilize the services of expert draftsmen to prepare bar examination questions, either by arranging for the drafting services of qualified persons, including out-of-state law teachers, or by using the services of the National Conference of Bar Examiners or other national agency. Before an essay question is accepted for use in a bar examination, whether drafted by the examiners or by expert draftsmen, every point of law in the question is to be thoroughly briefed and the question is to be analyzed and approved by the members of the Board. Every machine-scored item of Part I as herein defined must specify authority for the best response, and every such item and authority should be analyzed and approved by the members of the Board preceding inclusion of the item on the bar examination.
(c) Each examination shall consist of two parts to be designated Part I and Part II. Part I shall be of six hours’ duration. Only the following subjects, including their equitable aspects and their ethical and professional responsibility aspects, may be used in Part I of the examination which shall be promulgated by the Florida Board of Bar Examiners:
Florida Constitutional Law Corporations Federal Constitutional Law Florida Rules Wills and Administration of Civil and of Estates Criminal Pro-Trusts cedure
Part II of the examination shall be that examination offered to the several states by the National Conference of Bar Examiners and designated by that organization as the Multistate Bar Examination (MBE).
(d) All examination papers produced by applicants for admission to The Florida Bar during their submission to Part I of the examination shall be examined by the Board. Each paper from Part I shall be graded and credited with reference to a perfect score of 100%. Upon conclusion of said examination and a compilation of the grades received by all applicants, designated by number and not by name, the Board shall add the grades received by the top 10% of those examined, and divide the total thereof by the number of examinees comprising the top 10%. Those applicants who receive a grade within twenty points of such results shall be credited with a passing score for Part I of the examination.
(e) The passing score for each administration of Part II of the examination shall be determined by utilization of the basic formula described in subsection (d) of this section applied to the scores of all persons *356 submitting to that administration of Part II of the examination within the State of Florida. Those persons making a passing score on Part II of the examination as determined by this subsection shall be credited with a passing score for Part II provided Part II of the examination, whether taken within or without the State of Florida, was taken at or after a time when the applicant could have qualified to take Part I of the examination.
(f) An applicant must successfully complete both parts of the examination, and both successfully completed parts must have been administered within a period of 37 months.
(g) On four dates throughout the year to be determined from time to time by the Supreme Court of Florida, the Board shall make its recommendations to the Supreme Court of Florida in accordance with Article V, Section 22.
(h) On each date set forth in subsection (g) the Board shall advise all persons submitting to either part of the examination within the State of Florida at the last administration thereof whether such person has passed or failed either or both parts of said examination. Those persons who have at such examination completed the requirement of having passed both parts of the examination but who have not been recommended to the Supreme Court for admission to The Florida Bar will be further advised of the status of their applications.
(i) An applicant submitting to Part II of the examination outside of the State of Florida shall be advised by the Board whether said applicant’s score qualifies as a passing score.
(j) Except as provided in this section, no information regarding applicants’ scores shall be released except as directed by the Supreme Court of Florida.
(k) The Board may utilize the services of trained expert readers. Such readers will be selected solely upon the qualification of such individuals and without regard to the law colleges from which they graduated.
Section 11. The Board shall make public the topics upon which applicants will be examined and also make such suggestions for the information and guidance of students as will tend to promote their studies.
Section 12. Prior to recommending an applicant for admission to practice the profession of law in Florida, the Florida Board of Bar Examiners shall conduct an investigation and otherwise inquire into and determine the character, fitness and general qualifications of every applicant. In every such investigation and inquiry the Board may obtain such information as bears upon the character, fitness, and general qualifications of the applicant and take and hear testimony, administer oaths and affirmations, and compel, by subpoena, the attendance of witnesses and the production of books, papers and documents. Any member of the Board may administer such oaths and affirmations. Such investigations and inquiries shall be informal, but they shall be thorough, with the object of ascertaining the truth. Technical rules of evidence need not be observed. Any informal hearing for such purpose may be held by a division of the Board consisting of not less than three members of the Board, and either the Board Chairman, the Board Vice-Chairman, or a member of the Board appointed by the Board Chairman to preside shall serve as the division’s presiding officer, which presiding officer shall have power to issue subpoenas. Formal hearings held in response to Specifications shall be conducted before a quorum of the Board sitting en banc. Each division shall record its proceedings and shall report its decisions to the full Board.
Section 13. Whenever any person subpoenaed to appear and give testimony or to produce books, papers or documents, refuses to appear or testify before the Board, or any committee thereof, or to answer any questions, or to produce such books, papers *357 or documents, he shall be in contempt of the Court. The Board shall report the fact that a person under subpoena is in contempt of the Court for such proceedings against such person as the Court may deem advisable.
Section 14. The Board may resolve that committees on character, fitness and general qualifications should be appointed in some or all of the counties or judicial circuits in the State of Florida. Should it so resolve, the Board of Governors of The Florida Bar shall submit to the Board from time to time and as requested by the Board a group of recommended appointees. The group shall consist of thrice the number to be appointed. The Board shall, subject to the approval of the Court, select the appointees from this group. Such committees shall be known as “Character and Fitness Committees” and shall be advisory to the Board and in the performance of their advisory duties, they shall have such powers as the Court shall fix.
Section IS. Subject to the approval of the Court, the Board may adopt rules and regulations not inconsistent with these rules.
Section 16. A permanent committee to coordinate the work of the Bench, Bar, law schools and bar examiners and make recommendations to this Court concerning the same from time to time is hereby created and established. Such committee shall consist of two members of the Supreme Court to be designated by said Court, two members of the Board of Bar Examiners to be designated by such Board, two members of The Florida Bar to be designated by the Board of Governors of The Florida Bar, the Deans of all accredited Florida law schools or colleges, and such law student representation as the Court may from time to time provide. The committee shall convene at the pleasure of the committee members from the Supreme Court, one of whom shall be the presiding officer.
ARTICLE III
APPLICANTS
Section 17. Subject to the approval of the Court, the Board may classify applicants and law students and fix the charges, fees and expenses which shall be borne by them.
Section 18. No person shall be recommended for admission to The Florida Bar who has not reached the age of eighteen years.
ARTICLE IV
EDUCATIONAL, CHARACTER AND FITNESS REQUIREMENTS
Section 19. No person shall be recommended by the Florida Board of Bar Examiners to the Supreme Court of Florida for admission to The Florida Bar unless he first produces satisfactory evidence to the Board that he is of good moral character, that he- has an adequate knowledge of the standards and ideals of the profession and is otherwise a fit person to take the oath and perform the obligations and responsibilities of an attorney.
Section 20. (a) If any applicant or student registrant shall be dissatisfied with the Board’s recommendation concerning his character and fitness, upon the applicant’s or student registrant’s filing an appropriate petition with the Clerk of the Supreme Court of Florida, within a period of sixty days after receipt of notice of denial, the Executive Director shall place the file and other available information with the Supreme Court, and such Justice or Justices thereof as shall be designated by the Chief Justice may interview and hear such applicant or student registrant and make such inquiry of the Board and others as shall be necessary to a decision as to whether such applicant or student registrant meets the character and fitness requirements. The Justice or Justices so designated shall make a recommendation to the Court and the fi *358 nal action of the Court shall be duly entered in the minutes thereof.
(b) If any applicant or student registrant shall be dissatisfied with an administrative ruling of the Board not covered by subparagraph (a) above, such applicant or student registrant may, within five (5) days after receipt of written notice of the Board’s action, file an appropriate petition with the Clerk of the Supreme Court of Florida for review of the Board’s action. A copy of any such petition shall be served upon the Executive Director of the Board. The Board shall have twelve (12) days after the service of said copy on the Executive Director in which to file a response to the petition with the Clerk of the Supreme Court of Florida and shall serve a copy thereof upon the applicant or student registrant. Service of a petition or response may be in person, by certified mail, or by registered mail. Thereafter, the matter shall be disposed of as the Court directs and any final action of the Court shall be duly entered in the minutes thereof.
(c) Any applicant who has been refused recommendation by the Board or any applicant or student registrant who has proceeded through the provisions of paragraph (a) above and is the recipient of final action by the Supreme Court either denying an applicant’s admission or finding a student registrant to be unfit for admission may, within a period of not less than two calendar years from the date the Board delivered its adverse finding or from the date the Court entered such final action, whichever is later, file an appropriate petition with the Clerk of the Supreme Court of Florida in an attempt to show sufficient rehabilitation to warrant a review of the Board’s finding or the re-evaluation by the Court of its final action. The Court shall fix all investigative costs to be borne by the petitioner and remitted to the Florida Board of Bar Examiners, which Board shall serve as the Court’s investigative arm in such matters. In issuing a judgment adverse to an applicant or student registrant, the Court shall fix the date after which subsequent petitions may be filed with the Court.
Section 21. No applicant shall be admitted to the bar examination unless he or she furnishes to the Board:
(a) Satisfactory evidence that the applicant has received an academic Bachelor’s Degree granted on a basis of a four-year period of study in a college or university on the approved list of any one of the following regional accrediting associations or any Florida college or university approved by the Florida Supreme Court, approval to be withdrawn if accreditation is not met within a period approved by the accrediting agency:
1. New England Association of Colleges and Secondary Schools;
2. Middle States Association of Colleges and Secondary Schools;
3. North Central Association of Colleges and Secondary Schools;
4. Southern Association of Colleges and Secondary Schools;
5. Northwest Association of Secondary and Higher Schools;
6. Western College Association;
at a time when, or in the same calendar year in which such school was so accredited; or the successful completion of a college equivalency examination to be administered under the Board’s supervision.
This section shall be applicable only to those applying for admission to the Bar who enrolled in any accredited law college subsequent to December 31, 1975. All other applicants shall be governed by previous requirements under Section 22(a) of Article IV, of the rules aforesaid. (At least two years’ in-residence undergraduate work if entry into law school were prior to December 31, 1960, or at least three years’ in-residence undergraduate work if entry into law school were subsequent to December 31, 1960 but prior to December 31, 1975, or the successful completion of a col *359 lege equivalency examination to be administered under the Board’s supervision.) Graduation from any one of the following institutions: the United States Military Academy, the United States Naval Academy, the United States Air Force Academy, the United States Coast Guard Academy, or the United States Merchant Marine Academy, will fully satisfy the requirement of this section.
(b) Satisfactory evidence of graduation from a full-time accredited law school at a time when or within 12 months of such accreditation, or in the alternative, satisfactory evidence that the applicant has completed the requirements for graduation from a full-time accredited law school at a time when, or in the same calendar year in which such school was so accredited, and that such accredited law school has, or in the alternative, will confer upon the applicant the degree of Bachelor of Laws or Doctor of Jurisprudence. The term “accredited law school” has reference to any law school approved or provisionally approved by the American Bar Association or which is a member of the Association of American Law Schools. None of the following shall be substituted for law school training:
1. Private study, correspondence school or law office training;
2. Age or experience;
3. Waived or lowered standards of legal training for particular persons or groups.
(Attorneys who were in good standing, upon producing such evidence as the Board may require, that such applicant was in the practice of law in the District of Columbia or in other states of the United States of America, or in practice in federal courts in territories, possessions or protectorates of the United States for at least ten years, and that he was in good standing at the bar of the District of Columbia, the territory, possession or protectorate, or of the state from which he came; may, notwithstanding the provisions of Sections 21(a) and 21(b) hereof, be permitted to take the bar examination to be admitted to the practice of law in Florida upon furnishing alternative data in compliance with the following section. Such data must be filed with the Board at least 90 days prior to the administration of the examination, notwithstanding the provisions of Rule I, Section 4, and Rule II, Section 10.)
(c)(1) Similar requirements as to fitness except as required by Sections 21(a) and 21(b), as are required of other applicants to take the examination; (2) such evidence as the Board may require that such applicant was in the practice of law in the District of Columbia or in other states of the United States of America, or in practice in federal courts in territories, possessions or protectorates of the United States for at least ten years, and that he was in good standing at the bar of the District of Columbia, the territory, possession or protectorate, or of the state from which he came; and (3) an abstract showing the scope and character of the applicant’s previous experience and practice at the bar, including samples of the quality of the applicant’s work, such as pleadings, briefs, legal memoranda, corporate charters or other working papers which the applicant considers illustrative of his expertise, his academic and his legal training. Such abstract shall confine itself to the applicant’s most recent ten years of practice and shall be filed at least 90 days prior to the administration of the examination, notwithstanding the provisions of Rule I, Section 4, and Rule II, Section 10. If a thorough consideration of this abstract shows that the applicant is a lawyer of high character and ability, that his professional conduct has been above reproach, and that his academic and legal scholarship conform to approved standards and sum up to the equivalent of that required of other applicants for admission to the examination, the Board may, in its discretion, admit him to the examination. In evaluating academic and legal scholarship the Board is clothed with a broad discretion.
*360 ARTICLE V
CERTIFICATION TO THE SUPREME COURT AND ADMISSION TO THE FLORIDA BAR
Section 22. Every applicant who has complied with the requirements of the applicable rules for admission into the bar examinations, who has submitted to the examinations and attained scores above the minimum required, who has met the requirements as to character and fitness, and who has:
1. Furnished to the Board satisfactory evidence that an accredited law school as specified in Section 21(b) herein has conferred upon the applicant the degree of Bachelor of Laws or Doctor of Jurisprudence and who has complied with all other requirements for admission to practice the profession of law;
2. Or complied with all requirements except the conferral of the first degree in law as set out in Section 21(c) herein, but who has been declared by the Board as being fully qualified under the aforementioned Section 21(c) shall be recommended by the Florida Board of Bar Examiners to the Supreme Court of Florida for admission to The Florida Bar. If the Court is satisfied as to the qualifications of the applicant so recommended, an Order of admission shall be made and entered in the minutes of the Court, and it shall designate a time when all applicants will take the oath which shall be administered by the Chief Justice of the Court or a Justice thereof before the Court in formal session or which shall be administered by the Chief Judge of a District Court of Appeal or a Judge thereof before a District Court of Appeal in formal session. Any applicant who is unable to attend such formal session and there take his oath, upon obtaining permission from the Supreme Court, may take the same before any Circuit Judge of this state or, if the same be taken beyond the limits of the State of Florida, before an appropriate officer to be designated by special order of the Chief Justice of this Court. No certificate of admission to practice shall be issued until the oath of such applicant has been filed in the office of the Clerk of the Supreme Court. The Clerk shall maintain a permanent register of all persons so admitted.
Should any applicant gain admission to The Florida Bar upon an application for admission into the Florida Bar Examination, an application for admission into The Florida Bar, or an amendment or a supplement thereto which, within one year of said admission, is revealed to have been falsified in any respect, the Board, after investigation and hearings, shall make its findings and recommendations as to revocation of any license issued to any such applicant and shall file its findings with the Supreme Court of Florida for final determination by the Court.
RULES AND REGULATIONS OF THE FLORIDA BOARD OF BAR EXAMINERS
EFFECTIVE NOVEMBER 11, 1975
RULE I
APPLICATIONS
Section 1. Applications shall consist of:
(1) An application for admission into the Florida Bar Examination and;
(2) Application for admission into The Florida Bar. Applications for admission into Part I of The Florida Bar Examination, Part II if the applicant anticipates submission to Part II within the State of Florida, and applications for admission into The Florida Bar shall be made upon the forms supplied by the Board pursuant to Rule V, Section 62.
Section 2. Applicants who have not been admitted to the Bar in any other jurisdiction for a period in excess of twelve *361 months preceding the filing of an application for admission into The Florida Bar, time spent in military service of the United States not to be reckoned as part of said twelve months, shall accompany the application with the fee prescribed in Section SO, of Rule V.
Section 3. All applicants except those described in Section 2 shall accompany the application with the fee prescribed in Section 51, of Rule V.
Section 4. Part I of the Florida Bar Examination shall be administered on the last Tuesdays of February, May, July and October of each calendar year. Part II of the examination is presented simultaneously in the several participating states on the last Wednesday of February and July of each calendar year. Applications for admission into the February administration of the Florida Bar Examination must be postmarked or received not later than the first Tuesday of January. Applications for admission into the May administration of the Florida Bar Examination must be postmarked or received not later than the first Tuesday of April. Applications for admission into the July administration of the Florida Bar Examination must be postmarked or received not later than the first Tuesday in June. Applications for admission into the October administration of the Florida Bar Examination must be postmarked or received not later than the first Tuesday in September. Late applications shall be deemed applications for the next succeeding examination.
Section 5. Applicants seeking postponement of their submission to the bar examination, except as provided in Rule V, Section 49, shall be permitted to do so upon payment of the fee prescribed in Rule V, Section 57, and:
(a) Upon written request received at least seven days in advance of the commencement of the administration of the examination ; or,
(b) Upon written request received subsequent to the commencement of the administration of the examination but preceding the deadline for filing for the next administration of the examination as set out under Rule I, Section 4.
All such applicants, except as provided in Rule V, Section 49, hereof, must bring their applications to current status by the filing of appropriate notice of intention and amending the original application by the deadline as specified under the provisions of Section 4 of this Rule.
RULE II
APPLICANTS
Section 10. (a) The required fees must be paid at the time an application for admission into the Florida Bar Examination is filed. Each such application, as an integral part thereof, must be accompanied by the following:
(1) Certificate of College or University Administrator on a form prescribed by the Board, certifying that the applicant has received an academic Bachelor’s Degree granted on the basis as specified under Article IV, Section 21(a), of the Rules of the Supreme Court of Florida Relating to Admissions to the Bar; or other documentation for which provision is made in the aforementioned provisions;
(2) A Certificate of Dean, Florida Board of Bar Examiners Form No. 3, certifying the applicant’s graduation from a fulltime accredited law school or certifying that the applicant has completed the requirements for graduation from a fulltime accredited law school and that the first degree in law will be conferred (except as is provided under the provisions of Article IV, Section 21(c)) ;
(3) A photograph, 2j^” x 2i4”, made within six months prior to the filing of the application.
(4) Two (2) complete sets of fingerprints taken and certified by an authorized law enforcement officer.
*362 (5) Such supporting documents or additional information as may be required in the forms supplied by the Board.
(b) Except as provided in Section 11, an application for admission to The Florida Bar must be accompanied by the following which shall be deemed a part of it:
(1) If the applicant is not a natural born citizen of the United States and indicates a name change at the time of naturalization, evidence of naturalization satisfactory to the Board that such name change occurred;
(2) Evidence satisfactory to the Board that the applicant has successfully completed a regular classroom course in legal ethics, or in'lieu thereof a sworn statement reciting that the applicant has carefully and thoughtfully read the Code of Professional Responsibility and the Canons of Ethics for Judges as adopted by the Supreme Court of Flprida;
(3) If the applicant has been admitted to the practice of law in one or more jurisdictions, evidence satisfactory to the Board that the applicant is of good standing in such jurisdictions and a copy of the application for admission filed in each such jurisdiction ;
(4) An authorization and release on a form supplied by the Board requesting and directing the inspection and furnishing to the Board, or any of its authorized representatives, of all relevant documents, records or other information pertaining to the applicant and releasing any person, firm, officer, corporation, association, organization or institution from any and all liability in respect to such inspection or the furnishing of any such information.
(5) Supporting documents and other information as may be required in the forms supplied by the Board and such other documents as the Board may, in addition, from time to time reasonably require;
(6) In instances wherein the applicant elects to demonstrate, compliance with the requirements of Part II through submission to Part II in an admitting jurisdiction other than the State of Florida, a certificate bearing the score attained in that jurisdiction forwarded directly to the Florida Board of Bar Examiners by the administering jurisdiction on a form for such certification supplied by the Florida Board of Bar Examiners.
Section 11. If the applicant has filed an applicant’s questionnaire and affidavit as a registrant as required by Rule IV, Section 30, the provisions of Rule II, Section 10 shall be inapplicable except for the filing of the Certificate of Dean as specified in Rule II, Section 10(a)(2), but in such case the applicant shall file a supplement to said questionnaire and affidavit upon forms supplied by the Board, and upon the filing of such supplement, the said questionnaire and affidavit filed as a registrant and all documents, records, information, and every other portion of the file shall be deemed converted into and shall thereupon be an application for admission to the Florida Bar Examination and an application for admission into The Florida Bar. The applicant shall at that time remit the fee applicable to the applicant as prescribed in Rules I and V. Also, the Board may require the applicant to furnish such additional or supplemental information as the Board deems reasonable and necessary in the consideration of the application for admission to the Florida Bar Examination or application for admission into The Florida Bar.
RULE III
EXAMINATIONS
Section 20. (a) The bar examination shall test the applicant’s ability to reason logically, to analyze accurately the problem presented to him, and to demonstrate a thorough knowledge of the fundamental principles of law and their application. The examination shall not be'designed primarily for the purpose of testing information, memory or experience.
*363 (b) A portion of the bar examination may consist of questions in the form of hypothetical fact problems requiring essay answers. Questions may be designed to require answers based upon Florida case or statutory law of substantial importance. Essay questions shall not be labeled as to subject matter.
Section 21. (a) The name of the writer of the examination paper is not revealed by the staff to the members of the Board or any source other than the Supreme Court of Florida.
(b) In order to assure maximum uniformity in all grading, all the answers to a particular essay type bar examination question will be read by the same reader.
(c) If an applicant shall fail five times to pass Part I, he shall not be reexamined except by special permission of the Board upon good cause shown.
Section 22. Every applicant who is qualified to and who desires to repeat either part of the bar examination or who has been admitted to an examination and has, of his own volition, postponed his submission to the examination, shall file a supplemental application on a form prescribed by the Board and such supplemental application shall be accompanied by the appropriate fee and shall be filed in the Board’s office within the deadlines as specified under the provisions of Rule I as they pertain to the examination which such applicant desires to take. Where such applicant desires to take a subsequent examination and such examination is given on a date in excess of one year from the date upon which his original application was filed, he shall file his supplemental application within the deadlines as specified under the provisions of Rule I and the fee which shall accompany such supplemental application shall be as prescribed under Section 49 of Rule V. In those instances wherein the running of the deadline under this section occurs prior to notification being given of the failure of either or both parts of the examination, thus precluding compliance with the deadline by unsuccessful examinees, the Executive Director shall extend such deadline for a period not to exceed ten days from receipt of notice of failure on the examination by the affected examinees.
Section 23. Before recommending an applicant for admission to practice law in the State of Florida, the Board shall satisfy itself that each applicant has an adequate knowledge of the Code of Professional Responsibility, the Canons of Ethics for Judges, and the standards and ideals of the profession, and is otherwise a fit person to take the oath and perform the obligations and responsibilities of an attorney.
RULE IV
REGISTRATION OF LAW STUDENTS
Section 30. Except as provided in Section 32, every person intending to apply for admission to The Florida Bar, shall within one hundred and fifty (150) days following the commencement of the study of law in an accredited law school, register with the Board by filing an applicant’s Questionnaire and Affidavit as a registrant upon the forms supplied by the Board, including the documents and papers specified in Rule II, Section 10, except for the filing of the Certificate of Dean as specified in Rule II, Section 10(a)(2) ; the fee as specified in the provisions of Rule V, Section 52; and such other papers as may from time to time be reasonably required by the Board. The Board will consider as timely filed any registration postmarked or received one hundred fifty (150) days following the commencement of the study of law.
Section 31. (a) If any person shall fail to so register but shall do so within one hundred sixty-five (165) days following the commencement of the study of law and shall fully respond to requests contained in notice of untimely filing within a period not to exceed ten days from mailing of such notice, such registration shall be ac *364 cepted with the fee as specified under Rule V, Section 53(a).
(b) If any person shall fail to so register but shall do so within two hundred fifty (250) days following the commencement of the study of law, and the Board, after a complete investigation finds that an undue hardship will result unless the requirements of Sections 30 and 31(a) are waived in respect to such registrant, the Board may waive the requirements with respect to the date of filing and permit a late filing. Every applicant’s Questionnaire and Affidavit untimely filed by a registrant under the provisions of this Section must be accompanied by the fee as specified under Section 53(b) and an informal petition accurately describing the reasons why the registrant has 'not complied with the provisions and requesting leave to file untimely an Applicant’s Questionnaire and Affidavit. Such registrant is not required to comply with the provisions of Rule V, Section 58.
(c) If any person shall fail to so register within two hundred fifty (250) days following the commencement of the study of law, the fee to accompany a late registration filed after two hundred fifty (250) days is the fee as specified under the provisions of Rule V, Section 53(c), and a petition is not required.
Section 32. The Board may at any time find it advisable to make further inquiry into the character, fitness and general qualifications of a registrant. In such case the registrant may be required to pay the fee prescribed in Section 54 and the Board shall conduct an investigation and otherwise inquire into the character, fitness and general qualifications of such registrant and in every such investigation and inquiry the Board shall have all of the powers given it in respect to inquiry and investigation of applicants for admission to the Bar.
Section 33. If, after such investigation and inquiry, the Board shall find that the registrant is unfit, or the Board is in doubt about the registrant’s fitness, such determination shall be certified to the Supreme Court and the Executive Director shall transmit the file and other available information to the Supreme Court for such action in the particular case as the Court deems appropriate.
Section 34. The Applicant’s Questionnaire and Affidavit executed by a registrant shall not be deemed an application for admission into the Florida Bar Examination or an application for admission into The Florida Bar unless and until the registrant files a supplement to said Questionnaire and Affidavit as is provided for in Section 11.
Section 35. The Board shall conduct an investigation and otherwise inquire into and determine the character and fitness and general qualifications of every applicant for admission and this requirement shall be complied with although the Board may have previously conducted such an inquiry and investigation subsequent to the filing of applicant’s Questionnaire and Affidavit as a registrant. The absence of such investigation and inquiry by the Board subsequent to the filing of the Applicant’s Questionnaire and Affidavit as a registrant shall not be deemed an approval of the character, fitness or qualifications of any such applicant.
RULE V
SCHEDULE OF FEES
The following fees, none of which will be refunded, shall be paid by the applicant:
Section 49. Applicants seeking admission to the bar examination on a date in excess of one year from the filing of their original application, such delay being the result of failure on the examination or voluntary postponement, upon the filing of a supplemental application as required by Section 22 of Rule III, shall accompany such supplemental application with a fee of... $50.00.
Section 50. The application of applicants described in Section 2 shall be accompanied by a fee of...$120.00.
*365 Section 51. The application of applicants described in Section 3 shall he accompanied by a fee of. $500.00.
Section 52. The Applicant’s Questionnaire and Affidavit as a registrant as required by Section 30 shall be accompanied by a fee of. $40.00.
Section 53. (a) The application filed late as provided in Section 31(a) shall be accompanied by a fee of. . $50.00.
(b) The application filed late as provided in Section 31(b) shall be accompanied by a fee of. $75.00
(c) The application filed late as provided in Section 31(c) shall be accompanied by a fee of. $100.00.
Section 54. For the investigation and inquiry provided in Section 32, the registrant shall pay a fee of.$50.00.
Section 55. (a) A petition for reconsideration as provided under the provision of Rule VI, Section 70, shall be accompanied by a fee of. $50.00.
(b) A petition for reconsideration of a ruling by the Board involving the suspension or waiver of any rule or regulation or an order issued by the Board relating to matters other than a registrant’s or applicant’s character, fitness, or general qualifications, shall be accompanied by a fee of. $10.00.
The petition must refer only to an administrative ruling by the Board and contain new and additional matter which the Board has not previously considered.
Section 56. For each examination after the first, except as provided in Section 49 hereof, which must be paid by the deadlines prescribed in Rule I except under the circumstances prescribed in Rule III, Section 22, a fee of. $35.00.
Section 57. Fees for postponement of admission to the examination as provided under Rule I, Section 5, herein shall be:
(1) As provided by Rule I, Section 5(a) .$20.00.
(2) As provided by Rule I, Section 5(b) . $30.00.
Section 58. Petitions or requests relating to or involving a suspension or waiver of any rule, regulation or order shall be accompanied by a fee of. $15.00.
Section 59. The cost of a transcript or any record or document reasonably required by the Board in the conduct of an investigation or inquiry into the character and fitness of an applicant or a registrant shall be paid by such applicant or registrant.
Section 60. Upon a showing of need therefor by the Board, the Court may order any applicant or registrant to pay over to the Board additional sums necessary in the conduct of any inquiry and investigation into the character and fitness and general qualifications of such applicant or registrant.
Section 61. Each request for a copy of any document or portion thereof filed by an applicant in the course of his seeking admission to the Florida Bar Examination or The Florida Bar or for any certificate of the Board shall be accompanied by a fee of $5.00 for the first page and $.25 for each additional page.
Section 62. Requests for copies of the application forms filed by persons other than students matriculating at the Law Schools within the State of Florida, the Deans and Librarians of such Florida Law Schools, and any other persons to be designated by the Board, shall be accompanied by a fee of $10.00. Any person having remitted this fee shall have a like amount deducted from any application fee which is subsequently remitted.
Section 63. The Board shall honor requests received in writing for copies of the essay-type questions which appeared on previously-administered Florida Bar Examinations. Such requests shall be limited to the last two examinations administered *366 precedmg receipt of the request. Each such request shall be accompanied by a fee of . $5.00.
Section 64. Each request for a copy of any applicant’s answers to essay type questions from a single examination shall be accompanied by a fee of. $20.00. Section 65. The examinees using a typewriter to complete answers to the essay portions of the examination shall pay a fee of . $10.00.
RULE VI
RECONSIDERATIONS
Section 70. If any applicant shall be dissatisfied with the Board’s recommendation about his character, fitness or general qualifications, such applicant may, within sixty (60) days after notice of the Board’s recommendation, file with the Board a petition for reconsideration with the fee specified under the provisions of Rule V, Section 55(a). The petition must contain new and additional matter which the Board has not previously considered. Only one such petition for reconsideration may be filed.